IN THE SUPERIOR COURT
OF THE VIRGIN ISLANDS

**FILED**
March 27, 2023 11:10 AM
ST-2022-CV-00084
TAMARA CHARLES
CLERK OF THE COURT



**IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

| | |
|---|---|
| **RONALD VARGO and KATHLEEN VARGO,** | ) CASE NO. ST-2022-CV-00084 |
| | ) |
| Plaintiffs, | ) ACTION FOR TEMPORARY |
| vs. | ) RESTRAINING ORDER AND |
| | ) PRELIMINARY INJUNCTION |
| **GOVERNMENT OF THE VIRGIN ISLANDS** | ) |
| **DEPARTMENT OF PLANNING AND NATURAL** | ) JURY TRIAL DEMANDED |
| **RESOURCES, and JOHN PIERRE ORIOL in his** | ) |
| **capacity as Commissioner of THE DEPARTMENT OF** | ) |
| **PLANNING AND NATURAL RESOURCES,** | ) |
| | ) |
| Defendants. | ) |
| | ) |

2023 VI Super 11U

## MEMORANDUM OPINION AND ORDER

¶1     **THIS MATTER** is before the Court on:

1.     Defendants' Motion To Strike Part III Of Plaintiffs' Conclusions Of Law ("Motion To Strike"), filed February 17, 2023;

2.     Plaintiffs' Response To Defendants' Motion To Strike, filed February 22, 2023; and

3.     Defendants' Reply In Support Of Motion To Strike Part III Of Plaintiffs' Conclusions Of Law, filed February 24, 2023.

¶2     The Court will grant Defendants' Motion To Strike as the issue of boat registration enforcement is impertinent since it was not raised in the Complaint or at trial.

### I.     INTRODUCTION

¶3     Plaintiffs Ronald Vargo and Kathleen Vargo ("the Vargos") initiated suit against the Defendants, the Government of the Virgin Islands Department of Planning and Natural Resources and John Pierre Oriol in his capacity as Commissioner of the Department of Planning and Natural Resources ("DPNR"), on March 8, 2022. The matter came before the Court for a trial on the merits on January 10, 2023, and the trial concluded on January 13, 2023.

¶4     The Vargos sought: 1) "Declaratory Judgment that no anchoring or mooring is allowed in Round Bay, St. John without a proper formal designation. Alternatively, injunctive relief that requires the Commissioner of DPNR to enforce the Mooring Act by prohibiting long-term anchoring

*Ronald Vargo & Kathleen Vargo v. Gov't of the V.I.*
  *Dept. of Planning and Nat. Res. et al.*
**Case No. ST-2022-CV-00084**
**Memorandum Opinion and Order**
**Page 2 of 8**

2023 VI Super 11U

in Round Bay."[1] 2) "[A] preliminary injunction ordering Defendants and any persons acting on their behalf, to comply with the Mooring Act by enforcing against illegal anchoring and other boating activity in Round Bay."[2] 3) "[A] preliminary injunction ordering Defendants, and any persons acting on their behalf, to comply with the Motorboat Act by enforcing illegal boating within the recreational areas of Round Bay."[3] 4) "[A] preliminary injunction enjoining Defendants and any persons acting on their behalf, from their plan to place exclusion buoys and markers that will promote further illegal mooring unless and until they comply with the pre-conditions for establishing mooring and anchoring areas and until DPNR can demonstrate adequate enforcement measures consistent with the Mooring Act and the Motorboat Act will take place."[4] 5) "[A] declaration that Defendants' plan is not consistent with the Mooring Act."[5] 6) "[A] writ of mandamus directing defendants to perform their duties under the Mooring Act and Motorboat Act."[6] 7) "[C]osts of suit and reasonable attorney's fees; and for such other relief as the Court deems just and proper."[7]

¶5     On February 17, 2023, DPNR filed a Motion To Strike Part III of Plaintiffs' Conclusions of Law ("Motion To Strike"). DPNR argued that "Plaintiffs did not allege any violation of 25 V.I.C. § 292(b) in their Complaint, much less claim that the performance of the Department or Commissioner was deficient for any alleged failure to enforce this provision" and "[t]herefore, Defendants did not mount any defense with respect to 25 V.I.C. § 292(b)."[8] DPNR contends that "[g]iven that Part III is 'impertinent' to any matter alleged or tried, it should be stricken, just as impertinent matters incorporated in pleadings are subject to be stricken under Virgin Islands Rules of Civil Procedure 12(f)."[9] Alternatively, DPNR requests "an opportunity to present evidence and argument in response to the claim Plaintiffs have brought for the first time in Part III."[10]

¶6     On February 22, 2023, the Vargos responded to DPNR's Motion To Strike and stated that the Motion To Strike should be denied because the conclusion "is relevant to the claims and defenses and are allowed under V.I.R. Civ. P. 15(b)(2) based upon the consent of the parties" and because "the Defendants raised the issue on their own."[11] The Vargos assert that their Complaint does allege "Defendants' failure to enforce and administer the Motorboats Act and provide accurate information to boaters about the laws and regulations applicable to boating" and that this is sufficient to put DPNR on notice of the claim under Virgin Islands Rule of Civil Procedure 8(a)(2).[12] Additionally, the Vargos argue that DPNR consented to try the issue of lack of enforcement of boat registration

---

[1] Pls.' Compl. 29.
[2] Pls.' Compl. 29.
[3] Pls.' Compl. 29.
[4] Pls.' Compl. 29-30.
[5] Pls.' Compl. 30.
[6] Pls.' Compl. 30.
[7] Pls.' Compl. 30.
[8] Defs.' Mot. To Strike 1-2.
[9] Defs.' Mot. To Strike 2.
[10] Defs.' Mot. To Strike 2.
[11] Pls.' Resp. 1.
[12] Pls.' Resp. 1-2.

*Ronald Vargo & Kathleen Vargo v. Gov't of the V.I.*
  *Dept. of Planning and Nat. Res. et al.*
Case No. ST-2022-CV-00084
Memorandum Opinion and Order
Page 3 of 8

2023 VI Super 11U

requirements under V.I. R. Civ. P. 15(b)(2).[13]

¶7 Specifically, the Vargos argue that DPNR was the first to raise the issue when it introduced Defendants' Exhibit 77, the Recreational Boater Safety Program Narrative, by Mr. Howard Forbes of DPNR's Division of Environmental Enforcement ("DEE").[14] The Vargos state that the exhibit discusses plans to target non-compliant boaters, "enhance the existing vessel registration," updates that have been made to vessel registration databases, and that officers on patrol "are on-alert for non-registered boaters."[15] Further, the Vargos point to their Findings of Fact No. 85 where they "highlight evidence that despite the numerous boaters in Round Bay without permits, no enforcement was done for this activity."[16] The Vargos assert that at trial, the Defendants did not object to them eliciting testimony that "due to a shortage of enforcement officers to count the vessels, the enforcement officers would simply clear the bay and tell everyone to get permits."[17] The Vargos state that less than ten (10) permits were issued as a result.[18]

¶8 The Vargos go on to state that other enforcement activity in Round Bay consisted of phone calls and "clearing the bay on a few occasions" but "no regular patrols were observed by residents or boaters between March 2020 and December 2022."[19] Further, the Vargos assert that DPNR elicited testimony that "the annual report is for the boating safety program that is funded by the United States Coast Guard to allow the Department to do the same patrol work it neglected to do in Round Bay."[20] Lastly, the Vargos argue that at the Motion For Summary Judgment stage, DPNR included the following response:

> 23. In a span of two years, the task force came to Round Bay and cleared the bay twice, but the boaters simply returned shortly thereafter. The task force boarded no vessels to address violations of the Motorboats Act or the Mooring Act. *Exh. C at ¶14; Exh. A at DPNR Depo. Exh. No. 5., p. 9.*
>
> **Response**: DPNR is beefing up enforcement in Round Bay, including more patrols. After its boat was repowered, it has made more frequent patrols to St. John, in its entirety, including Round Bay. In addition to having the boaters leave the bay, DPNR officers also has given out flyers to educate boarders [sic] of the rules and regulations as relate to Round Bay. *Exhibit 1, Oriol Dep. 23:21-24:12, Exhibit 2, Forbes Dep. 76:12-16, 91:21-93:12*[21]

---

[13] Pls.' Resp. 2.
[14] Pls.' Resp. 2.
[15] Pls.' Resp. 2.
[16] Pls.' Resp. 3.
[17] Pls.' Resp. 3.
[18] Pls.' Resp. 3.
[19] Pls.' Resp. 3.
[20] Pls.' Resp. 3.
[21] Pls.' Resp. 3

*Ronald Vargo & Kathleen Vargo v. Gov't of the V.I.* 2023 VI Super 11U
*Dept. of Planning and Nat. Res. et al.*
Case No. ST-2022-CV-00084
Memorandum Opinion and Order
Page 4 of 8

¶9 Therefore, it is the Vargos' contention that the conclusion of law that DPNR failed to enforce the registration provisions lacks merit, as DPNR did not object to this evidence at trial.[22]

¶10 In their reply, DPNR first argues that the Vargos did not place DPNR on notice that they were specifically seeking the enforcement of the vessel registration portion of the Motorboat Acts simply by stating that they were seeking a writ of mandamus for enforcement of Chapter 15 of Title 25 of the Virgin Islands Code.[23] DPNR argues that Chapter 15 covers a wide range of measures, including: boating speed limits; prohibitions on reckless or negligent boating operations; boating while intoxicated; mandating a dedicating observer on any boat towing a waterskier or surfer; authorizing the Commissioner to approve boat races; mandating that all accidents be reported as well as requiring that all motorboats be numbered.[24] DPNR asserts that "[g]iven its broad scope, citing Chapter 15, without more, was inadequate to place Defendants on notice that Plaintiffs were seeking a writ of mandamus pertaining to enforcing the registration of vessels" and that "[t]here was not a single allegation in the Complaint that Defendants had failed to enforce the registration of vessels, much less that the lack of such registration had any adverse effect on Plaintiffs."[25]

¶11 DPNR further points out that the Vargos neither referenced nor cited in their Complaint § 292 which is the specific section of Chapter 15, Title 25 addressing boat registrations, nor did their Complaint allege any facts related to boat registration or the failure to enforce it.[26] DPNR cites to *Island Airlines, LLC v. Bohlke*[27] for the holding that "failure to specify which facts violate which subsection(s) of the law constitutes a failure to state a claim."[28] DPNR also argues that the Vargos conceded that the issue of boat registrations was not brought up in the Complaint when they argued that the issue was tried by express or implied consent.[29]

¶12 DPNR then argues that the parties did not try the registration requirement issue by consent at trial. DPNR states that it is "too much of a stretch" to reason that by introducing a fourteen (14) page exhibit titled "Division of Environmental Enforcement Recreational Boating Safety Program, 2021 Program Narrative" that DPNR was raising the issue of boat registration enforcement.[30] DPNR avers that the purpose of the exhibit's admittance and DEE Director Howard Forbes' testimony was to show the scope of work the division does in enforcing various provisions, and that showing the scope of work DEE oversees does not place in issue whether DEE is properly performing that work a

---

[22] Pls.' Resp. 4.

[23] Defs.' Reply 1.

[24] Defs.' Reply 1-2.

[25] Defs.' Reply 2.

[26] Defs.' Reply 2.

[27] 2022 VI Super 20.

[28] *Id.* at ¶52. Defs.' Reply 2.

[29] Defs.' Reply 2.

[30] Defs.' Reply 2.

*Ronald Vargo & Kathleen Vargo v. Gov't of the V.I.*     2023 VI Super 11U
   *Dept. of Planning and Nat. Res. et al.*
**Case No. ST-2022-CV-00084**
**Memorandum Opinion and Order**
**Page 5 of 8**

trial issue.[31] If it were sufficient to raise the issue, DPNR states, then so would the issues of "whether the Court should issue a writ of mandamus to require Defendants to increase their boating safety enforcement efforts or to expand their search and rescue program would also be before the Court," but such issues "clearly are not."[32]

¶13    DPNR further argues that the Vargos confuse the issue of registration and permits, as they allege that evidence related to permits was introduced and not objected to. However, registration and permits are two separate functions. Seeking enforcement of § 292 deals with registration. Permitting and boat registration are not the same, and the terms are not interchangeable.[33] The permit evidence concerns permits DPNR issues to boats to be able to anchor in Round Bay for a night, while registration ensures that every boat on the water has a number, and thus any evidence related to permitting is irrelevant to the issue of boat registration. Therefore, DPNR did not raise the issue of registration either explicitly or impliedly.[34] Thus, DPNR renews its request to grant their motion to strike.

## II.    LEGAL STANDARD

¶14    On April 3, 2017, the Supreme Court of the Virgin Islands adopted the Virgin Islands Rules of Civil Procedure, which went into effect on March 31, 2017.[35] Virgin Islands Rule of Civil Procedure 12(f) governs motions to strike and states:

> The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:
> (1) on its own; or
> (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.[36]

¶15    "Impertinent" in this rule does not carry its everyday meaning of insolently rude but, rather, it has a legal significance meaning "irrelevant," or, as Black's Law Dictionary puts it: "([o]f evidence) having no probative value; not tending to prove or disprove a matter in issue. — Also termed impertinent . . . . 2. (Of a pleaded allegation) having no substantial relation to the action, and will not affect the court's decision. — irrelevance[.]"[37]    Rule 15(b)(2) deals with issues not raised in

---

[31] Defs.' Reply 2-3.

[32] Defs.' Reply 3.

[33] Defs.' Reply 3.

[34] Defs.' Reply 3.

[35] *See In re Adoption of the V.I. Rules of Civil Procedure, Promulgation No. 2017-001*, 2017 WL 1293844, 2017 V.I. Supreme LEXIS 22 (V.I. Apr. 3, 2017).

[36] V.I. R. Civ. P. 12(f).

[37] *Irrelevant*, BLACK'S LAW DICTIONARY (11th ed. 2019); *cf. Impertinent*, MERRIAM-WEBSTER DICTIONARY, https://www.merriam-webster.com/dictionary/impertinent, (last visited Mar. 14, 2023) ("1a: given to or characterized by insolent rudeness; 1b: not restrained within due or proper bounds especially of propriety or good taste.").

*Ronald Vargo & Kathleen Vargo v. Gov't of the V.I.*                                                        2023 VI Super 11U
  *Dept. of Planning and Nat. Res. et al.*
Case No. ST-2022-CV-00084
Memorandum Opinion and Order
Page 6 of 8

pleadings but tried by consent and states:

> When an issue not raised by the pleadings is tried by the parties' express or implied consent, it must be treated in all respects as if raised in the pleadings. A party may move—at any time, even after judgment—to amend the pleadings to conform them to the evidence and to raise an unpled issue. But failure to amend does not affect the result of the trial of that issue.[38]

## III.    ANALYSIS

### A.    The issue of boat registration enforcement was not raised in the Complaint.

¶16    While DPNR argues that the Vargos have conceded that the issue was not raised in the Complaint because they also argue the issue was brought up by implied or express consent, that is immaterial to the determination that the issue was not raised in the Complaint. That the Vargos argued in the alternative that the issue was brought up by implied or express consent does not have any bearing on whether the issue was brought up in the Complaint, as parties are permitted to argue in the alternative. Accordingly, the Court looks to the Complaint to see if it contains a request for enforcement of § 292 or if such a request can be inferred.

¶17    The Vargos first assert that the issue of boat registration was brought up in their Complaint. The Vargos did request "a writ of mandamus directing defendants to perform their duties under the Mooring Act and the Motorboat Act."[39] This request contains no specific mention of § 292. As DPNR notes, the Mooring Act and Motorboat Act contain a broad range of provisions, and only the enforcement of some of them was ever actually brought up in motions or at trial. Looking at the context of the Complaint, the relief requested by the Vargos immediately prior to this request detailed specific enforcement actions, including: 1) enforcing the Mooring Act by prohibiting long-term anchoring in Round Bay; 2) enforcing the Mooring Act by prohibiting illegal anchoring or boating activity in Round Bay; 3) enforcing the Motorboat Act by preventing illegal boating within the recreational areas of Round Bay; and 4) requesting an injunction against placing buoys or exclusion markers in Round Bay.

¶18    From this, it could be inferred that the Vargos were requesting a writ of mandamus for enforcement of the Motorboat Act and Mooring Act provisions dealing with long and short-term anchoring in Round Bay, illegally operating a boat in Round Bay, or operating a boat in a prohibited zone within Round Bay. However, there is no mention preceding this relief or elsewhere in the Complaint of boat registration procedures, either generally or pertaining to boats spotted in Round Bay. Therefore, the Complaint cannot be read, either explicitly or within its context, as requesting

---

[38] V.I. R. Civ. P. 15(b)(2).

[39] Pls.' Compl. 30.

*Ronald Vargo & Kathleen Vargo v. Gov't of the V.I.*      2023 VI Super 11U
  *Dept. of Planning and Nat. Res. et al.*
Case No. ST-2022-CV-00084
Memorandum Opinion and Order
Page 7 of 8

enforcement of registration procedures under § 292.

### B. The issue of boat registration was not raised at trial by express or implied consent.

¶19    The Vargos argue, in the alternative, that an exhibit detailing all of the enforcement actions of DPNR, which includes a reference to DEE agents being on the lookout for non-registered boats, is sufficient to raise the issue by express or implied consent. A brief mention in a multipage report introduced into evidence does not clearly raise the issue, particularly when that mention is not what was discussed by the attorneys or witnesses. Importantly, the testimony elicited by the Vargos and DPNR from the Director of DEE and others dealt with the issue of boats being in Round Bay without a permit, not unregistered boats being in Round Bay. Not only does this make no mention of registration, but introducing a document and eliciting testimony and evidence as to enforcement efforts around permits would cause a reasonable observer to conclude that the issue being raised was the enforcement of boat permits and not boat registration.

¶20    As DPNR highlights, boat permits and boat registrations are separate matters. Permits allow a boat to operate or anchor in a designated area for a designated time. Registration is required for all boats before they can even operate in the waters of the Virgin Islands. It is similar to government regulation of motor vehicles: boat registration is similar to how vehicles are required to be registered yearly and display a registration sticker, while boat anchoring permits are similar to a vehicle handicap permit or parking permits issued by public and private parking lots—they merely let the vehicle park in a designated area for a designated time. Thus, Exhibit 77, on its own and particularly in the context of the testimony provided by the Director of DEE, is insufficient to raise the issue of boat registration either by implied or express consent. As the issue of boat registration under § 292 was not raised in the Complaint or at trial by express or implied consent, it is impertinent. Accordingly, DPNR's Motion To Strike will be granted and Section III of the Vargos' Proposed Conclusions of Law, entitled "Breach of Duty to Enforce Unpermitted and Unregistered Vessels," will be stricken.

## IV.    CONCLUSION

¶21    On March 8, 2022, the Vargos initiated suit against DPNR seeking the enforcement of various environmental and boating regulations in the Round Bay area of St. John, U.S. Virgin Islands. The Vargos' Complaint makes no specific mention of § 292 of Chapter 15 of Title 25 of the Virgin Islands Code. The matter came before the Court for a trial on the merits on January 10, 2023, and the trial concluded on January 13, 2023. At trial, evidence was elicited regarding DPNR's enforcement or lack of enforcement, of various permit requirements necessary for boats staying overnight or longer in Round Bay. No specific evidence or allegations of DPNR failing to enforce registration procedures was elicited.

*Ronald Vargo & Kathleen Vargo v. Gov't of the V.I.*
   *Dept. of Planning and Nat. Res. et al.*
**Case No. ST-2022-CV-00084**
**Memorandum Opinion and Order**
**Page 8 of 8**

2023 VI Super 11U

**¶22**     After trial, Plaintiffs' Proposed Findings of Fact and Conclusions of Law included a section titled "Breach of Duty to Enforce Unpermitted and Unregistered Vessels," which stated that "While the Department cleared Round Bay on a few occasions, it did not check registrations of vessels to determine if the vehicles were registered" and that this constituted "a breach of the duty to administer and enforce § 292(b) of the Motorboat Act." DPNR moved to strike this section as impertinent, since the issue was neither raised in the Complaint nor at trial, and DPNR was prejudiced because it was not able to respond to these allegations. The Court, finding that the issue was not raised in the Complaint or at trial, agrees that it is impertinent. Therefore, DPNR's Motion To Strike will be granted.

        Accordingly, it is

        **ORDERED** that Defendants' Motion To Strike Part III Of Plaintiffs' Conclusions Of Law, filed February 17, 2023, is **GRANTED**; and it is further

        **ORDERED** that Part III of Plaintiffs' Proposed Findings of Fact and Conclusions Of Law, entitled "Breach of Duty to Enforce Unpermitted and Unregistered Vessels" referenced on pages 31-32 of Plaintiffs' Conclusions Of Law, is hereby **STRICKEN and shall not be considered by the Court**; and it is further

        **ORDERED** that a copy of this Memorandum Opinion and Order shall be directed to counsel of record.

DATED: March **25**, 2023

**DENISE M. FRANCOIS**
Judge of the Superior Court of the Virgin Islands

**ATTEST:**

**TAMARA CHARLES**
Clerk of the Court

BY:
  for **LATOYA CAMACHO**
  Court Clerk Supervisor  3  /27/2023

IN THE SUPERIOR COURT
OF THE VIRGIN ISLANDS

**FILED**

March 27, 2023 11:12 AM
ST-2022-CV-00084

**TAMARA CHARLES**
**CLERK OF THE COURT**

# IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
## District of St. Thomas/St. John

RONALD VARGO, ET AL,
        **Plaintiff,**

**v.**

GOVERNMENT OF THE VIRGIN ISLANDS
DEPARTMENT OF PLANNING AND
NATURAL RESOURCES ET AL,
        **Defendant.**

Case Number: **ST-2022-CV-00084**

## NOTICE OF ENTRY
## OF A
## MEMORANDUM OPINION AND ORDER

**To:** Jennifer Jones, Esq., via email

Julie A. Beberman, Esq., via email
Ariel M. Smith, Esq., via email

        **Please take notice that on March 27, 2023**
**a(n)**     **Memorandum Opinion and Order**
    **dated**    **March 25, 2023**   **was/were entered**
**by the Clerk in the above-titled matter.**

**Dated:**  **March 27, 2023**

        **Tamara Charles**
        **Clerk of the Court**

**By:** _____
        **Danica A. Miller**
        **Court Clerk II**